KIDDER v. PORT HENRY IRON ORE CO. OF LAKE CHAMPLAIN et al.

(Supreme Court, Appellate Division, Third Department.    May 8, 1912.)

PLEADING (§ 22*)—COMPLAINT—REDUNDANT ALLEGATIONS.

In a suit for specific performance of an agreement, by which an ore company, the predecessor of defendant railroad company, had agreed to transport certain grain for plaintiff's predecessor in title, it was alleged that the covenant was made to the grantors in a deed conveying a right of way to defendant's predecessor, and that they afterwards conveyed the premises, across which the right of way was granted, to plaintiff. The complaint alleged (1) that the covenant was entered into for the benefit of plaintiff's premises and to render them more valuable and useful as a place for conducting the grain business; (2) that the covenant ran with the premises; (3) that, when plaintiff purchased them, he was so advised; (4) that plaintiff conveyed away a portion of the premises to which the covenant was appurtenant, but in the conveyance expressly reversed the benefits of the covenants and the right to enforce the same; (5) and that plaintiff was entitled to have the performance of the covenant, and to enjoy the advantages thereof. Held, that such numbered allegations, except the third, were not redundant, and were improperly stricken as such.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 45; Dec. Dig. § 22.*]

Appeal from Special Term, Saratoga County.

Action by George S. Kidder against the Port Henry Iron Ore Company of Lake Champlain and another. Cross-appeal from an order of the Supreme Court striking certain allegations from the amended complaint. Modified and affirmed.

Argued before KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

Stokes & Owen, of Port Henry (Edward T. Stokes, of Port Henry, of counsel), for appellants.

Pyrke & Dudley, of Port Henry (Fred W. Dudley, of Port Henry, of counsel), for respondent.

JOHN M. KELLOGG, J.    In 201 N. Y. 445, 94 N. E. 1070, a demurrer to the complaint in this action was sustained on the ground that the alleged covenant was not set out in terms, and the court was unable to determine whether or not it was such a covenant as ran with the land. The plaintiff accordingly amended his complaint, setting out the covenant in full. The order appealed from strikes from this amended complaint as redundant the allegations, in substance: (1) That the covenant alleged to run with the land was entered into for the benefit of the plaintiff's premises, and to render them more valuable and useful as a place for conducting the grain business; (2) that the alleged covenant is a covenant running with

plaintiff's premises,. and was by the parties understood .and intended to be such; (3) that, when plaintiff purchased his premises, he was so. advised; (4) that the plaintiff conveyed away a portion of the premises to which it was alleged the covenant was appurtenant, but in the conveyance expressly reserved the benefits of the covenant and the right to enforce the same; (5) that the plaintiff is entitled to have the performance of said covenant and to enjoy the advantages therefrom.

The object of a complaint is to inform the defendant and to lay before the court the grounds upon which plaintiff claims relief. Ordinarily the plaintiff need not state, and it cannot be determined from the pleading itself, in what manner the plaintiff expects to prove the allegations made. In passing upon the complaint it is usual to assume that the plaintiff will be prepared by some proper proof to substantiate the allegations made. The court should, therefore, be careful in striking from a complaint allegations alleged to be redundant, unless it fully appears that in every reasonable aspect of the case such allegations can have no place in the pleading. If the plaintiff can prove that the covenant was made for the purpose of conferring a benefit upon his property, and in order to make it more valuable in the grain business which was carried on on said premises, and that it was understood and intended by the parties to be a covenant running with the land for the benefit of said premises and business, it cannot be said here that such proof would be without effect, and we cannot assume that he cannot in a proper manner make such proof. These allegations should, therefore, stand so that the plaintiff may have the benefit of such proper proof if he is able to make it. It is quite immaterial whether or not the plaintiff was advised when he purchased the property from Collins that the covenant ran with the land, and it was not error to strike that allegation from the complaint. The covenant was made to Edward and Le Roy Collins, grantors in the deed, conveying the right of way, and they afterwards conveyed the premises across which the right of way was granted to the plaintiff. If the plaintiff has a cause of action, it is because the covenant ran with the land, and survives that conveyance. It was necessary for plaintiff to connect himself with the covenant, and, if he does not own all the premises benefited by it, it was proper, if not necessary, for him to show what part of the premises he owns, and that the covenant was not extinguished by the conveyance from him of a part of the premises. It was therefore proper to allege that he had, in fact, conveyed a part of the premises intended to be benefited, but by the conveyance had expressly sought to reserve the benefit of the covenant to himself. What effect this attempted reservation may have is not for determination here, but the conveyance is a part of the history of the plaintiff's interest, and may be alleged. Apparently the plaintiff's description of the premises is sufficient, and he should not be required to amend it in that respect.

The order appealed from is therefore modified by striking therefrom the first, second, fourth, and fifth numbered provisions thereof, and as so amended affirmed, without costs.