tion denied, with $10 costs. Order signed. See, also, 135 N. Y. Supp. 1041.

KEITZ, Respondent, v. INTERNATIONAL RY. CO., Appellant, et al. (Supreme Court, Appellate Division, Fourth Department. November 13, 1912.) Action by Kathryn Keitz against the International Railway Company, impleaded with another. No opinion. Judgment and order affirmed, with costs.

KELLY, Appellant, v. NASSAU ELECTRIC R. CO., Respondent (two cases). (Supreme Court, Appellate Division, Second Department. December 6, 1912.) Actions by Bella Kelly and by James Kelly against the Nassau Electric Railroad Company. No opinion. Motions denied. See, also, 137 N. Y. Supp. 1125.

KETCHAM, Respondent, v. STEWART et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. November 27, 1912.) Action by Charles Ketcham against James Stewart and another.

PER CURIAM. Judgment affirmed, with costs. Held, that the defendants, having objected to the evidence as to the cost of repairs and having obtained a ruling in their own favor, cannot be heard to insist upon a reversal because the like evidence when offered by them was excluded.

KRUSE, J., dissents, upon the ground that the evidence of the reasonable cost of repairs to the boat was improperly excluded.

KEYES. Respondent, v. METROPOLITAN TRUST CO., Appellant. (Supreme Court, Appellate Division, Third Department. November 22, 1912.) Action by Marquis L. Keyes against the Metropolitan Trust Company, etc., as administrator, etc. No opinion. Order affirmed, with costs.

KEYS, Respondent, v. RICHMOND LIGHT & R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 27, 1912.) Action by Emma T. Keys against the Richmond Light & Railroad Company.

PER CURIAM. Judgment and order reversed, and new trial granted, costs to abide the event, unless within 20 days plaintiff stipulates to reduce the recovery of damages to the sum of $3,500, in which event the judgment, as so modified, and the order, are unanimously affirmed, without costs of this appeal.

KIDDER, Appellant, v. PORT HENRY IRON ORE CO. OF LAKE CHAMPLAIN et al., Respondents. (Supreme Court, Appellate Division, Third Department. November 13, 1912.) Action by George S. Kidder against the Port Henry Iron Ore Company of Lake Champlain and others.

PER CURIAM. Interlocutory judgment affirmed, with costs, with usual leave to the plaintiff to amend, upon payment of costs of demurrer and of this appeal. See, also, 137 App. Div. 936, 122 N. Y. Supp. 1133; 142 App. Div. 924, 126 N. Y. Supp. 1134; 142 App. Div. 920, 127 N. Y. Supp. 1127; 151 App. Div. 348, 135 N. Y. Supp. 353.

KELLOGG and BETTS, JJ., dissent.

KIELEY v. SHIPMAN. (Supreme Court, Appellate Division, First Department. November 29, 1912.) Action by Daniel F. Kieley, as receiver, against James D. Shipman. No opinion. Motion to dismiss appeal granted, with $10 costs, unless appellant comply with terms stated in order. Order filed.

In re KIRBY. (Supreme Court, Appellate Division, First Department. December 13, 1912.) In the matter of Garrett Kirby.

PER CURIAM. Motion so far granted as to allow respondent to serve answer, in which event reference will be ordered to official referee. Disbarment order to stand until the final report of the referee. Settle order on notice. See, also, 137 N. Y. Supp. 1125.

KLAW et al., Appellants, v. ARMSTRONG, Respondent. (Supreme Court, Appellate Division, First Department. November 29, 1912.) Action by Marc Klaw and another against Paul Armstrong. D. Gerber, of New York City, for appellants. H. M. Phillips, of New York City, for respondent.

PER CURIAM. Judgment and order affirmed, with costs. Order filed.

LAUGHLIN, J., dissents.

KLEIN, Respondent, v. LONG ISLAND R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. December 30, 1912.) Action by Elizabeth Klein, as executrix, etc., of Peter Klein, deceased, against the Long Island Railroad Company.

PER CURIAM. Judgment and order reversed, and new trial granted, costs to abide the event, upon the ground that the evidence fails to establish either the negligence of defendant or freedom from contributory negligence on the part of plaintiff's testator.

HIRSCHBERG, J., dissents.

KOEHLER, Respondent, v. NASSAU ELECTRIC R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. November 22, 1912.) Action by Theodore Koehler against the Nassau Electric Railroad Company. No opinion. Judgment and order of the County Court of Kings County reversed, and new trial ordered, costs to abide the event, upon the ground that the damages are not sufficiently proven.